IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01388-LTB

ANTOINE JONES,

    Plaintiff,

v.

WARDEN CHARLES DANIEL,
WARDEN BLAKE R. DAVIS,
WARDEN SARA M. REVELL,
WARDEN J. M. WILNER,
A.W. J. C. HOLLAND,
MAILROOM SUPERVISOR, Unknown Name, and
MAILROOM STAFF, Unknown Staff,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

On August 22, 2012, Plaintiff filed a "Motion to Reconsidered [sic] This Court 8-10-2012 Order," ECF No. 19. The Court must construe the filing liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on August 10, 2012, because Plaintiff failed to pay the $350.00 filing fee in full as he was directed to do by the Court. A motion to

reconsider filed within twenty-eight days after the final judgment in an action should be considered pursuant to Rule 59(e).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limit set forth under Rule 59(e)).  Plaintiff's request was filed within twenty-eight days after the Court's Order of Dismissal was entered on August 10, 2012.  Therefore, the filing is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

On July 5, 2012, the Court entered an order denying Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 because he is subject to filing restrictions under § 1915(g).  Plaintiff was directed to pay the $350.00 filing fee in full and was instructed that the only proper filing at this time is the payment of the fee.  In the Motion, Plaintiff asks that the Court reconsider the August 10 Order of Dismissal because he had problems sending the legal package that was requested by the Court.  Although on August 14, 2012, the Court received a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a copy of Plaintiff's prisoner complaint, Plaintiff did not submit the $350.00 filing fee in full to the Court as he had been instructed to do in the July 5 Order.  Because Plaintiff failed to comply with the July 5 Order within the time

allowed, the Complaint and action were dismissed.  Plaintiff, therefore, fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Accordingly, it is

ORDERED that the Motion for Reconsideration, ECF No. 19, filed on August 22, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  27th  day of   August   , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court